[2011]; *see* CPL 190.20 [2] [b]). Upon remittal, the court conducted the hearing on defendant's motion. Defendant concedes that the court has now complied with CPL 210.45 in connection with his motion, and we conclude from the hearing transcript that defendant failed to prove "by a preponderance of the evidence every fact essential to support the motion" (CPL 210.45 [7]). Thus, we affirm the judgment. Present—Centra, J.P., Fahey, Carni, Green and Gorski, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOANN RUSBY, Also Known as JOANN M. RUSBY, Also Known as JOANN VANWUYCKHUYSE, Also Known as JOANN SPICER, Appellant. [935 NYS2d 266]—

It is hereby ordered that the judgment so appealed from is unanimously affirmed. Present—Scudder, P.J., Centra, Fahey, Carni and Sconiers, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LINDSEY M. FULGE, Also Known as LINDSEY FULGE, Appellant. [935 NYS2d 266]—

It is hereby ordered that the judgment so appealed from is unanimously affirmed. Present—Scudder, P.J., Centra, Fahey, Carni and Sconiers, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSHUA D. MAHLEY, Appellant. [935 NYS2d 757]—

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of rape in the second degree (Penal Law § 130.30 [1]) and sexual abuse in the second degree